UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WILLIAM T. BOWEN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:17-cv-17

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply memorandum (doc. 11), the administrative record (doc. 7),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

A.  **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of August 23, 2014. PageID 326-39. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, ischemic heart disease, degenerative disc disease, borderline intellectual functioning, dysthymic disorder and somatoform disorder. PageID 88.

After initial denial of his applications, Plaintiff received a hearing before ALJ Eric Anschuetz on May 19, 2016. PageID 111-49. The ALJ issued a written decision on June 9, 2016 finding Plaintiff not disabled. PageID 85-103. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC") a reduced range of medium work,[4] "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 102-03.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 60-63. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.  **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 85-103), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[4] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id*. It may also involve frequent stooping, grasping, holding, and turning objects. *Id*. "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that the ALJ erred by: (1) improperly weighing the medical opinion evidence (specifically, regarding his cane prescription) and (2) improperly assessing his credibility. Doc. 9 at PageID 1661-65. The Court finds reversible error in the ALJ's analysis of the medical source opinion regarding Plaintiff's cane prescription, and, therefore, need not reach the merits of Plaintiff's second assignment of error.

Plaintiff argues that the ALJ failed to account that he uses his cane for both balancing and ambulation. PageID 1661-64. The Commissioner argues that substantial evidence supported the ALJ's finding that Plaintiff's cane was not medically necessary, and therefore need not be referenced in the hypothetical questions the ALJ asked of the Vocational Expert ("VE"). PageID 90. "Where there is conflicting evidence concerning the need for a cane, it is the ALJ's task, and

4

not the Court's, to resolve conflicts in the evidence." *Forester v. Comm'r of Soc. Sec.*, No. 2:16-CV-1156, 2017 U.S. Dist. LEXIS 174791, *1 (S.D. Ohio Oct. 23, 2017).

Regarding the use of a cane,

> [T]he Sixth Circuit has held that if a cane is not a necessary device for the claimant's use, it cannot be considered a restriction or limitation on the plaintiff's ability to work. *Carreon v. Massanari*, 51 Fed. Appx. 571, 575 (6th Cir. 2002). This device must be so necessary that it would trigger an obligation on the part of the Agency to conclude that the cane is medically necessary. *Penn v. Astrue*, 2010 U.S. Dist. LEXIS 12389, 2010 WL 547491, at *6 (S.D. Ohio Feb.12, 2010). A cane would be medically necessary if the record reflects more than just a subjective desire on the part of the plaintiff as to the use of a cane. *Id.* If the ALJ does not find that such device would be medically necessary, then the ALJ is not required to pose a hypothetical to the VE. *Casey v. Sec'y of Health Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993). The ALJ is only required to pose to the VE those limitations found to be credible. *Id.*

*Murphy v. Astrue*, 2013 U.S. Dist. LEXIS 30492, *1, at *10 (M.D. Tenn. March 6, 2013).

On January 27, 2016, treating podiatrist Lisa Nicely, D.P.M. prescribed Plaintiff a cane. PageID 403. Here, the ALJ opined that that despite the podiatrist prescribing Plaintiff a cane, "it does not appear that an ambulatory aid is medically necessary." PageID 90. The ALJ further stated that "[i]f [Plaintiff] truly uses a cane as frequently as he testified, the use of that device appears to be founded on [his] need for self-assurance more so than actual medical necessity." *Id.* In support of that assertion, the ALJ cited to another podiatrist, Deanna Chapman, D.P.M., who reported that Plaintiff exhibited the capacity to heel and toe walk with ease; had good muscle strength; and possessed normal gait. PageID 1346. However, Dr. Chapman's treatment note is from August 5, 2014 which was nearly 18 months before the prescription for the cane. *Id.* In addition to being prescribed the cane, Plaintiff testified at the hearing that he uses the cane "all the time." PageID 123. Thus, the ALJ's decision -- that the Plaintiff's cane use was not medically necessary -- is unsupported by substantial evidence. The ALJ's non-disability finding thus merits reversal.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). The undersigned finds that evidence of disability is not overwhelming in this instance. Remand for further proceedings is thus proper.

**V.**

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:   January 9, 2018                          s/ Michael J. Newman
                                                                 Michael J. Newman
                                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).