IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM T. BOWEN, | : | |
| Plaintiff, | : | Case No. 3:17-cv-17 |
| vs. | : | JUDGE WALTER H. RICE |
| NANCY A. BERRYHILL, | : | MAGISTRATE JUDGE MICHAEL J. NEWMAN |
| Acting Commissioner of the Social Security Administration, | : | |
| Defendant. | : | |

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #12 ); OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, TO SAID JUDICIAL FILING (DOC. #13) ARE SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF THE DEFENDANT COMMISSIONER AND AGAINST PLAINTIFF WILLIAM T. BOWEN, AFFIRMING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT; TERMINATION ENTRY

Plaintiff William T. Bowen ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for disability benefits. On January 9, 2018, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #12, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not supported by

substantial evidence, and that the captioned cause be remanded for further proceedings. Based upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, and a thorough review of the applicable law, this Court REJECTS the Report and Recommendations and SUSTAINS the Commissioner's Objections, Doc. #13, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of the Commissioner and against Plaintiff, affirming the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence

"must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.  In formulating Plaintiff's Residual Functional Capacity ("RFC"), the Commissioner's Administrative Law Judge ("ALJ") refused to assess any limitation connected to Plaintiff's use of a cane, concluding that it was not medically necessary as an ambulatory aid. Doc. #7-2, PAGEID #97. Consequently, the ALJ did not include any such limitations in the hypotheticals posed to the Commissioner's Vocational Expert ("VE") about the jobs Plaintiff could perform. *Id.*, PAGEID #142-44. The ALJ relied upon the VE's testimony in finding that there existed a significant number of jobs in the United States economy that Plaintiff was capable of performing, and thus, that Plaintiff was not disabled. *Id.*, PAGEID #102-03. The Magistrate Judge concluded that Lisa Nicely, D.P.M., Plaintiff's treating podiatrist, prescribed a cane to Plaintiff on January 27, 2016. Doc. #12, PAGEID #1694 (citing Doc. #7-6, PAGEID #403). Dr. Nicely's prescription, the Magistrate Judge opined, superseded the August 5, 2014, opinion of Deanna Chapman, D.P.M., Plaintiff's former treating podiatrist, who "reported that Plaintiff exhibited the capacity to heel and toe walk with ease; had good muscle strength; and possessed normal gait." *Id.* (citing Doc. #7-9, PAGEID #1346). Moreover, Plaintiff testified at his hearing before the ALJ that he uses the cane "[a]nywhere outside my house." Doc. #7-2, PAGEID #123.

In light of the above, the Magistrate Judge concluded, the ALJ's failure to incorporate Plaintiff's use of a cane into Plaintiff's RFC and the hypotheticals posed to the VE meant that the RFC was not supported by substantial evidence, and that the ALJ could not rely upon same in finding that Plaintiff was not disabled. Doc. #12, PAGEID #1694. Accordingly, the Magistrate Judge recommended that the captioned cause be remanded to the Commissioner so that she could impose an additional restriction—that Plaintiff requires

4

a cane to walk effectively—and consider whether Plaintiff was disabled in light of that additional limitation. *Id.*, PAGEID #1695.

The Commissioner argues that: (a) the evidence of record is unclear as to whether Dr. Nicely actually prescribed the cane as medically necessary; and (b) even if she had prescribed the cane, the lack of supporting evidence meant that her prescription fell short of the specificity required for the Commissioner to conclude that, pursuant to her own rules, the cane was indeed medically necessary. Doc. #13, PAGEID #1697-98 (citing Soc. Sec. R ("SSR"). 96-9p, 1996 WL 374185 (Jul. 2, 1996)). For a cane to be "medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (*i.e.*, whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7. The Commissioner notes that the portion of the record cited by the Magistrate Judge for Dr. Nicely's alleged prescription of the cane is not a treatment record from Dr. Nicely, but a page from Plaintiff's self-completed February 6, 2015, Adult Function Report that does not even mention use of a cane. Doc. #13, PAGEID #1699 (citing Doc. #7-6, PAGEID #403).

Moreover, as the Commissioner notes, the only reference to a cane in Dr. Nicely's treatment notes is a signed, but undated, prescription pad paper that reads "E0100 – Cane," a medical billing code, and "DX: M72.2, M77.31, [and] M79.671," International Classification of Diseases codes indicating diagnoses of "plantar facial fibromatosis"; "calcaneal spur" in the right foot, "and pain in the right foot[,]" respectively. Doc. #13, PAGEID #1698 (citing Doc. #7-10, PAGEID #1403). The Commissioner argues that those conclusory, "check-box" diagnoses are insufficient to explain why use of a cane was

5

medically necessary under SSR 96-9p, and Dr. Nicely provides no other explanation as to why Plaintiff requires a cane at all, much less for at least twelve months, such that he would qualify as "disabled" under the Act. *Id.* (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905(a)). Thus, the Commissioner claims, "[e]ven if this prescription for a cane were construed as a medical opinion from Dr. Nicely, it would have been properly discounted, as it was conclusory and lacked the requisite specificity to be reliable." *Id.*, PAGEID #1701-02 (citing *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001); *Price v. Comm'r of Soc. Sec.*, No. 08-4210, 342 F. App'x 172, 176 (6th Cir. 2009); 20 C.F.R. § 404.1527(c)(3)). Moreover, the Commissioner claims, as the other treatment records from Dr. Nicely, along with those of Dr. Chapman and other sources, indicate largely normal functioning, the ALJ's decision not to include any cane-related limitation was supported by substantial evidence. *Id.*, PAGEID #1698-99 (citing *Carreon v. Massanari*, No. 01-3552, 51 F. App'x 571, 575 (6th Cir. 2002)).

The Commissioner's Objections are well-founded. As discussed above, the prescription for a cane is undated, and is situated in the record between Dr. Nicely's treatment notes from November 30, 2015, and December 30, 2015. Doc. #7-10, PAGEID #1400-05. On December 30, 2015, Dr. Nicely noted that Plaintiff's "plantar foot pain [h]as improved some with the use of a cane[,]" *id.*, PAGEID #1400, making it unlikely that he was prescribed a cane on January 27, 2016. Moreover, Dr. Nicely indicated that the purpose of Plaintiff's visit that day was to obtain prescription orthotics, and her recommended treatments were for his foot pain "[i]ce massage, stretching exercises, night splint, [and] supportive shoes." *Id.* Notably, these were the same treatments recommended by Dr. Nicely both on November 30, 2015, when Plaintiff was not using a cane, *id.*, PAGEID

6

#1404-05, and on January 27, 2016, when he was. *Id.*, PAGEID #1590. Indeed, at no point during Dr. Nicely's treatment of Plaintiff March 24, 2015, and January 27, 2016, did she ever indicate that his use of a cane was medically necessary. *Id.*, PAGEID #1377-1414, 1590-93. In the absence of any explanation of why the cane was medically necessary, and given Plaintiff's largely normal treatment records, the ALJ's decision not to include that limitation in Plaintiff's RFC and in hypotheticals to the VE was supported by substantial evidence and proper under SSR 96-9p. Accordingly, the ALJ's reliance upon the VE's testimony in finding that Plaintiff was not disabled was proper and must be affirmed.

2. In his Statement of Specific Errors, Plaintiff argued that the ALJ improperly relied upon Plaintiff continuing to work after his alleged disability onset date, and the fact that he was laid off due to reduction in work from his most recent employment, to find Plaintiff's allegations of disabling pain not fully credible. Doc. #9, PAGEID #1664 (citing Doc. #7-2, PAGEID #101, 117-18). Further, he claims that "[t]he ALJ erred by improperly sitting as his own medical expert throughout his written decision in interpreting the medical data." *Id.* (citing Doc. #7-2, PAGEID #101).[1] "In evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant. Furthermore, an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (citations

---

[1] The Magistrate Judge did not address this alleged error in his Report and Recommendations. Doc. #12, PAGEID #1693.

7

omitted). For the reasons discussed above, substantial evidence supported the ALJ's analysis of medical evidence of record and the conclusion that Plaintiff's "treatment history is not consistent with a finding of disability as defined for Social Security purposes." Doc. #7-2, PAGEID #101. Further, "[n]o treating source has ventured an opinion as to the claimant's physical capabilities[,]" *id*., PAGEID #98, and Plaintiff "suggested in his testimony that he might be addicted to narcotic pain medication." *Id*., PAEGID #101 The ALJ reasonably concluded that such addiction, while not proven, "would provide a logical basis for the claimant's ongoing pain complaints without much resolution despite various modes of treatment and generally benign and innocuous clinical findings[.]" *Id*. In sum, substantial evidence supported the ALJ's credibility determination, and this Court must not disturb that determination, even if it would have come to a different result.

WHEREFORE, based upon the aforesaid, this Court REJECTS the Report and Recommendations of the Magistrate Judge, Doc. #12. The Commissioner's Objections to said judicial filing, Doc. #13, are SUSTAINED. Judgment shall enter in favor of the Commissioner and against Plaintiff, affirming the Commissioner's decision that Plaintiff was not disabled under the Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 6, 2018

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT